RECEIVED CLERK'S OFFICE

2008 MAR 19  A  9: 20

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Frank Boston, #208643,                         )  C/A No.  9:08-819-PMD-GCK
                                               )
                          Plaintiff,           )
                                               )
                                               )
vs.                                            )
                                               )        Report and Recommendation
Michael J. Stobbe;                             )
James Sligh, and                               )
Willie Eagleton,                               )
                                               )
                          Defendants.          )
                                               )

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at the

Lee Correctional Institution in Bishopville, South Carolina. This is the second civil action that Plaintiff has

filed in this Court in one year based on allegations that personnel within the South Carolina Department of

Corrections (hereinafter "SCDC") incorrectly calculated his max-out date, and that, therefore, his federal

constitutional rights are being or have been violated. *See Boston v. South Carolina Dep't of Corr.*, Civil

Action No. 9:07-1861 (hereinafter "habeas corpus action"). The habeas corpus action was decided on lack

of exhaustion and on the merits against the position asserted by Plaintiff therein. In other words, Plaintiff's

contentions in the habeas corpus action that his sentence credits were incorrectly calculated by SCDC and



that he was entitled to have forfeited credits returned to him were specifically considered and rejected by

the undersigned magistrate judge following full consideration of the respondent's motion for summary

judgment and Plaintiff's response thereto. *See* Civil Action No. 9:07-1861 (Entry 23). That merits

determination was specifically adopted by the assigned district judge in the habeas corpus case. *Id.* (Entry

27).  Plaintiff has appealed the dismissal of the habeas corpus action, but the Fourth Circuit Court of

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Appeals has not yet ruled on the appeal. *Id.* (Entry 31)(*Boston v. Warden*, No. 08-6209 (4th Cir. filed Feb. 12, 2008)).

In the present case, as he did in the habeas corpus action, Plaintiff contends that SCDC's calculation of his sentence does not include the number of work time credits to which he believes he is statutorily entitled. Complaint, 4. Unlike in the habeas corpus action, however, in this case Plaintiff seeks compensatory and punitive damages from three persons who were apparently somehow involved in the calculation of Plaintiff's max-out date. The Complaint filed in this case contains factual allegations that include a paragraph that states: "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference." *Id.* Immediately thereafter, Plaintiff broadly alleges that the persons he has named as Defendants, "violated Plaintiff's constitutional rights" when they "refused to correct Plaintiff's maxout date." *Id.* More specifically, he then alleges that "Defendant Micheal J. Stobbe did not calculate Plaintiff's maxout date according to S.C. Code Ann. 24-13-230." *Id.* There are no other allegations concerning any other specific wrongdoing by any other Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405

U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, the allegations contained in the Complaint filed in this case are inadequate to state a viable claim for damages against any Defendant. This is true because, to the extent that it contains any factual allegations of wrongdoing against any Defendant, the Complaint filed by Plaintiff basically contains only what some courts have described as "buzzwords" or "gibberish[.]" *See Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988)(collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D.Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exchange*, No. 88 C 9965, 1989 WL 82007 (N.D. Ill. July 10, 1989). As stated above, Plaintiff broadly recites the legal terminology "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference" and "violated . . . constitutional rights." However, other than Plaintiff's brief allegation about one Defendant's supposed incorrect calculation of his sentence (which is discussed in more depth and found unavailing below), the Complaint is devoid of any other factual allegations against the other two Defendants or of any other alleged wrongdoing by Defendant Stobbe. As a result of this inadequate factual presentation, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant without excessive expenditure of precious judicial resources. Although the "liberal pleading requirements" of Federal Rule of Civil Procedure 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when

3

the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original).

Even though the Court does liberally construe *pro se* pleadings, Plaintiff must do more than make mere conclusory statements to support his claims. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). By broadly asserting that the Defendants "violated [his] constitutional rights" and including un-explained legal terminology without offering any substantial factual allegations underlying the legal conclusions asserted, Plaintiff's Complaint fails to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal. *See Antonio v. Moore*, No. 05-6272, 2006 WL 584395 (4th Cir. March 9, 2006).

Moreover, even if the Complaint could somehow be liberally construed as stating potential claims against the Defendants under 42 U.S.C. § 1983 based on their involvement in the calculation of Plaintiff's max-out date, the Complaint should still be summarily dismissed due to the operation of the doctrine of *res judicata*.[2] The relief Plaintiff seeks: a different result in a case that was fully litigated, considered, and decided on the merits (Civil Action No. 9:07-1861, the habeas corpus action) – is barred by the doctrine of *res judicata*. This is true even though Plaintiff has not styled this case as one against the same parties as those named as respondents in the habeas corpus action or that he seeks different relief in this case (damages) than he did in the habeas corpus case (release from prison). Regardless of the parties' names or



---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

the stated "cause of action," it is clear that Plaintiff is, in fact, attempting use the Complaint in this case to re-litigate the habeas corpus action. This is something Plaintiff may not do under established principles of law. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992)(district court erred in denying motion for summary judgment based on *res judicata* where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract); *Hogue v. Royce City*, 939 F.2d 1249, 1253 (5th Cir. 1991)(ADEA claims subject to dismissal because of previous suit on wrongful discharge); *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1048-49 (5th Cir. 1987)(*res judicata* barred suit under ADEA where previous suit was for wrongful discharge). In *Polsby v. Thompson*, 201 F. Supp. 2d 45 (D.D.C. 2002), the district court explained the criteria for *res judicata*:

> *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir.1981).
>
> Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea*, 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund*, 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.*, 765 F.2d at 205-06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877). More generally, a judgment is considered on the merits

when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir.1981); 18 Moore's Federal Practice § 131 .30[3][a] (3d ed.2000). In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir.1955)).

*Polsby*, 2002 WL 759625. *See Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989)("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'"). Since *res judicata* would bar the Complaint in this case even if it did contain sufficient factual allegations to state potential § 1983 claims against Defendants, this case should be considered frivolous and should be summarily dismissed.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Furthermore, since the Complaint filed in this case clearly fails to state a claim on which relief may be granted and is substantially frivolous, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

March *18*, 2008
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).