IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Frank Boston, #208643, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.:9:08-cv-819-PMD-GCK |
| v. | ) | |
| | ) | |
| Michael J. Stobbe; James Sligh; and | ) | **ORDER** |
| Willie Eagleton, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon the Magistrate Judge's recommendation that the Complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge further recommended that the case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff Frank Boston ("Plaintiff" or "Boston") filed timely objections to the R&R.

**BACKGROUND**

Plaintiff is currently incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On or about March 7, 2008, Plaintiff filed the instant lawsuit pursuant to 42 U.S.C. § 1983 in which he contends that SCDC's calculation of his sentence does not include the number of work time credits to which he believes he is statutorily entitled. In his Complaint, he asserts that he has filed numerous grievances concerning the issue, and he also states that he filed a petition for habeas corpus on July 9, 2007, which was denied on January 17, 2008.

(*See* Compl. at 3-4.) Plaintiff states that Defendants Michael J. Stobbe, James Sligh, and Willie Eagleton violated his constitutional rights because they refused to correct his "maxout" date. (*Id.* at 4.) Paragraph 12 of his Complaint states (verbatim),

> Fourteenth Amendment Due Process, Cruel and Unusual Punishment, Deliberate Indifference. Defendants Michael J. Stobbe, James Sligh Jr., and Willie Eagleton violated plaintiff's constitutional rights.

(Compl. ¶ 12.) Plaintiff seeks both compensatory and punitive damages against all three Defendants. (*Id.* at 5.)

As the Magistrate Judge noted in the R&R, the instant civil action is the second one Plaintiff has filed based on allegations that his federal constitutional rights are being violated because personnel within the SCDC incorrectly calculated his "maxout" date. (R&R at 1.) Plaintiff filed a petition for writ of habeas corpus on or about July 5, 2007. *See Boston v. S.C. Dep't of Corr.*, C.A. No. 9:07-1861. In that proceeding, he asserted he was entitled to relief because he "was not given all his earned work credits." (Pet. at 6.) He also asserted that he was entitled to immediate release because his sentence had expired. (*Id.* at 9-11.) Magistrate Judge Kosko entered a Report and Recommendation in that case on December 20, 2007, in which he recommended granting the respondents' Motion for Summary Judgment.[1] Magistrate Judge Kosko determined the petition was barred under the procedural default doctrine and in the alternative concluded the habeas petition should be barred for failure to exhaust state administrative remedies. (*See* R&R in 07-1861 at 12.) The R&R in that case further concluded that even if the petitioner had exhausted his state remedies, he would still not be entitled to habeas relief. (*Id.*) The Magistrate Judge noted that while the

---

[1] The respondents in that action were "Warden of Lee Correctional Institution" and "South Carolina Department of Corrections."

2

petitioner claimed he was entitled to one day off his sentence for every two days that he works, "[p]etitioner is mistaken." (*Id*. at 13.) The R&R states,

> [T]he number of earned work credits that an inmate is entitled to depends on the job the inmate holds. At different times during his incarceration, the Petitioner has worked in jobs that have afforded him the opportunity to earn one day of earned work credits for each day worked, working seven days a week. At other times, the Petitioner has held jobs that only earned him one day o[f] earned work credits for every seven days he worked. Furthermore, the Petitioner has not worked consistently through his incarceration. For instance, in late 2005 the Petitioner did not work and thus did not earn credits against his sentence for four months. Likewise, in 2006 the Petitioner did not work for more than eight months. Therefore the Petitioner has not earned nearly the 1209 days of earned work credit that he claims in his Petition.

(*Id*. at 13.) The R&R in the habeas petition further stated that "reason the Petitioner's projected parole date has been pushed back is because of the forfeiture and loss of good time credits (not work credits) due to disciplinary convictions." (*Id*.) The petitioner further claimed that he was entitled to have his forfeited good time and work credits restored, but the R&R concluded otherwise:

> [T]he Petitioner has been given credit for all of his earned work credits. Therefore, there are not any forfeited work credits that need to be restored. As to the forfeited good time credits, the good time credits that the Petitioner have forfeited has been as a result of his 56 disciplinary infractions of which he has been convicted. Under S.C. Code Ann. § 24-13-210(A), an inmate is entitled to earn good credits if his "*record of conduct shows that he has faithfully observed all the rules of the institution where he is confined and has not been subjected to punishment for misbehavior*." The Petitioner has clearly not observed the rules of his institution and has been punished for misbehavior since he has been incarcerated. Therefore, the Petitioner is not entitled to those good time credits that he has forfeited.

(*Id*. at 13-14.) The Magistrate Judge further concluded that the petitioner was not entitled to immediate release because the petitioner's sentence had not expired. (*Id*. at 14.)

On January 17, 2008, this court entered an order adopting the R&R and granting the respondents' Motion for Summary Judgment. At the time the court issued the order, no objections were in the record, but the record does contain objections that Boston dated January 14, 2008. (*See*

3

Doc. No. [30] in 07-1861.) He also filed a notice of appeal, and that appeal is still pending.

Returning to the case *sub judice*, the § 1983 claim, Magistrate Judge Kosko entered a Report and Recommendation on March 19, 2008, in which he recommended (1) dismissing the Complaint without prejudice and without issuance and service of process, and (2) deeming this case a "strike" pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g). (*See* R&R in 08-819 at 6.) The R&R states,

> Initially, the allegations contained in the Complaint . . . are inadequate to state a viable claim for damages against any Defendant. This is true because, to the extent that it contains any factual allegations of wrongdoing against any Defendant, the Complaint filed by Plaintiff basically contains only what some courts have described as "buzzwords" or "gibberish." As stated above, Plaintiff broadly recites the legal terminology "Fourteenth Amendment Due Process, Cruel & Unusual Punishment, Deliberate Indifference" and "violated . . . constitutional rights." However, other than Plaintiff's brief allegation about one Defendant's supposed incorrect calculation of his sentence . . ., the Complaint is devoid of any other factual allegations against the other two Defendants or of any other alleged wrongdoing by Defendant Stobbe.

(*Id.* at 3.) Furthermore, the R&R states that "[b]y broadly asserting that the Defendants' 'violated [his] constitutional rights' and including unexplained legal terminology without offering any substantial factual allegations underlying the legal conclusions asserted, Plaintiff's Complaint fails to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal." (*Id.* at 4.) The R&R also states, "[E]ven if the Complaint could somehow be liberally construed as stating potential claims against the Defendants under 42 U.S.C. § 1983 based on their involvement in the calculation of Plaintiff's max-out date, the Complaint should still be summarily dismissed due to the operation of the doctrine of *res judicata*." (*Id.*)

4

**STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**ANALYSIS**

Plaintiff objects to the Magistrate Judge's determination that the instant action is barred by the doctrine of *res judicata*. (Objections at 2.) Plaintiff states,

> The Court [in his habeas action] . . . ruled that petitioner had procedurally defaulted and was procedurally barred from raising allegations[;] therefore the allegations w[ere] not equally raised and exhausted. Moreover even if the merit determination was adopted[,] the allegations were against the South Carolina Dep[artment] of Corr[ections], and Warden A.J. Padula, not any of the defendants named in this present complaint.

(*Id.*)

As a preliminary matter, the court notes that Plaintiff is objecting to the alternative ground in the R&R. Magistrate Judge Kosko recommended dismissing Plaintiff's Complaint because it failed to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and was frivolous. (*See* R&R at 4.) In the alternative, he recommended dismissing the Complaint as barred by the doctrine of *res judicata*. (*Id.*) The court therefore notes that even if the court ruled in Plaintiff's favor regarding his objection, the result would not change, as Plaintiff did not object to

5

the determination that his Complaint failed to meet the requirements of Rule 8(a) or 12(b)(6).[2] Even so, the court will consider the merits of Plaintiff's objection.

First, Plaintiff seemingly argues that because the holding concerning the merits of his habeas petition was a holding in the alternative, that adjudication can have no preclusive effect. The Fourth Circuit does not appear to be consistent concerning the preclusive effect of alternative findings. *Compare Tuttle v. Arlington County Sch. Bd.*, 195 F.3d 698, 704 (4th Cir. 1999) (declining to apply collateral estoppel to alternative finding of prior court),[3] *with Ritter v. Mount St. Mary's College*, 814 F.2d 986, 993-94 (4th Cir. 1987) (noting the "general rule" that alternative findings are not given preclusive effect, but nonetheless applying collateral estoppel to an alternative ground for a

---

[2]In his objections, Plaintiff does state, "In the present case petitioner alleges factual allegations against defendants Michael J. Stobbe, James Sligh Jr. and Willie Eagleton for [F]ourteenth Amendment Due Process, Cruel & Unusual Punishment, and Deliberate Indifference." (Objections at 2.) This statement, however, does nothing other than repeat exactly what Plaintiff stated in his Complaint. To the extent that this can be read as an objection to the Magistrate Judge's determination that Plaintiff failed to comply with Rule 8(a) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court concludes the objection is without merit. This statement, which is essentially identical to Paragraph 12 of the Complaint, is merely a collection of legal "buzzwords." (*See* R&R at 3.) *See Todd v. Geneva Convention*, No. 3:08-0660-MBS, 2008 WL 1339835, at *5-6 (D.S.C. Apr. 9, 2008).

[3]The Fourth Circuit stated in *Tuttle*,

> After analyzing the relevant factors, we find that the School Board is not collaterally estopped from appealing the district court's legal conclusion that diversity is not a compelling governmental interest. Because the admissions policy in *Tito* was markedly different than the current Policy, the issues decided in *Tito* were hardly "identical" to the issues currently before this Court. Since the district court also concluded that the *Tito* policy was not narrowly tailored, the district court's conclusion of law that diversity could never be a compelling interest was not "necessary" in *Tito*. Furthermore, the decision in *Tito* was hardly "final and valid." The *Tito* injunction was qualified with "as long as [a] random lottery selection procedure continues to be employed," implying that the School Board retained the discretion to choose another random lottery selection procedure. Collateral estoppel, therefore, does not apply in this case.

*Tuttle*, 195 F.3d at 704.

6

judgment that was fully litigated). In the case *sub judice*, there is no doubt that Plaintiff's claim was fully litigated in his habeas petition, even though the holding concerning the work and good time credits was an alternative holding. Indeed, as is clear from reading all of the grounds alleged in the habeas petition, the case was all about these credits. Even though the general rule is that alternative findings are not given preclusive effect, the alternative finding should have such effect in this case. Plaintiff had a full and fair opportunity to litigate the merits of what is now his § 1983 claim when he was litigating his habeas petition. The court therefore overrules Plaintiff's objection. *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 250-56 (3d Cir. 2006). *But see Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1538-39 (Fed. Cir. 1995) (holding that a finding was not essential to a judgment for collateral estoppel purposes where judgment was supportable on other grounds).

Plaintiff also seems to assert in his objections that his § 1983 claim cannot be barred by the doctrine of *res judicata* as a result of the litigation of his habeas petition. Although the court has found no Fourth Circuit authority on the issue, the United States Court of Appeals for the Ninth Circuit addressed an argument very similar to the one Plaintiff makes herein. In *Hawkins v. Risley*, 984 F.2d 321 (9th Cir. 1993), the plaintiff appealed the dismissal of his § 1983 claim against several officers of the State of Montana. *Hawkins*, 984 F.2d at 322. He filed a § 1983 action seeking damages from Montana and eleven individual defendants "associated with the Board of Pardons and the Montana prison system for violations of his right to an on-site hearing [concerning furlough revocation], his right to have counsel at the hearing, his right against unlawful arrest, and his rights under the Uniform Criminal Extradition Act." *Id.* at 322-23. He later filed a petition for writ of habeas corpus in the same court, "alleging identical violations of his rights arising from his

7

extradition and the revocation of his furlough." *Id*. at 323. The district court denied the petition, and on appeal, the Ninth Circuit affirmed in an unpublished opinion. *Id*. Before the circuit court issued its opinion, the defendants moved for a continuance of the § 1983 action, but the district court dismissed the action as barred by res judicata. *Id*. On appeal, the Ninth Circuit stated,

> In *Williams v. Ward*, 556 F.2d 1143 (2d Cir. 1977), Judge Friendly noted the rule that a state court judgment may preclude a § 1983 action, and went on to say:
>> there is no reason to think a different rule would apply where the first judgment is federal habeas . . . . [T]he major reason for a lenient rule of res judicata in § 1983 would be the "purposes underlying enactment" of the Ku Klux Klan Act of 1871, "in particular, the congressional misgivings about the ability and inclination of state courts to enforce federally protected rights," a concern hardly applicable where both proceedings are in federal court. Nor is there any statutory counterpart to the special res judicata rules established for successive habeas applications by 28 U.S.C. § 2244(b), to govern a situation where a petition under § 1983 follows an earlier habeas application.
>
> *Id*. at 1153-54 (citations omitted). We agree with the analysis in *Williams v. Ward* and hold that a prior federal habeas decision may have a preclusive effect in a § 1983 action.

*Hawkins*, 984 F.2d at 323. The Ninth Circuit rejected the plaintiff's argument that the dismissal of his federal habeas petition was not a final judgment at the time the district court dismissed the § 1983 action because an appeal was pending. *Id*. at 324-25. The court also rejected the plaintiff's argument that preclusion "cannot apply because the two cases were against different parties, raised different issues, and sought different remedies." *Id*. at 325. The court stated,

> As the district court observed, in each case [the plaintiff] claimed identical constitutional rights were violated by his arrest as a parole violator, his extradition to Montana, the lack of an on-site hearing, and the lack of counsel at the due process hearing. The district court addressed the merits of each of Hawkins' habeas claims and denied relief because his federal constitutional and statutory rights had not been violated. This determination necessarily precludes Hawkins' § 1983 action in which he raises the identical issues, whether or not defendants were in privity with the respondent in the habeas petition and even though Hawkins sought different relief.

*Id.*; *see also Felker v. Turpin*, 101 F.3d 95, 97 (11th Cir. 1996) ("Under th[at] doctrine [(of issue preclusion)], Lochnar is precluded from asserting a § 1983 claim that Georgia's use of electrocution to carry out a death sentence is unconstitutional because he raised that issue in his prior federal habeas petition."); *Morke v. Merritt*, No. Civ. A. 98-1572-AM, 2000 WL 33949739, at *8 (E.D. Va. Sept. 7, 2000) (stating, in the context of a Motion to Alter or Amend, that "although the Fourth Circuit has no precedent on point, at least one court has held that 'a prior federal habeas decision may have a preclusive effect in a § 1983 action'" (quoting *Hawkins*, 984 F.2d at 323)). The court concludes this objection is without merit.

Plaintiff's last objection is that the Magistrate Judge erred in recommending dismissal of Plaintiff's § 1983 claim pursuant to the doctrine of *res judicata* because parties are not identical. The habeas claim was filed against "Warden of Lee Correctional Institution" and "South Carolina Department of Corrections," whereas the § 1983 claim is against Michael Stobbe, James Sligh, and Warden Willie Eagleton. Although the parties are not identical, the court concludes the objection is without merit as the parties are in privity. "Collateral estoppel, or issue preclusion, provides that once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). The test for privity is "whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Id.*

In the case *sub judice*, the court concludes the respondents in the habeas petition are in privity with the Defendants in the § 1983 action. As noted above, the issue decided in the habeas

9

claim was whether Plaintiff's work and good time credits had been properly calculated, and in this § 1983 claim, he seeks damages from the Defendants, asserting his work and good time credits were not properly calculated. *See Andrews v. Daw*, 201 F.3d 521, 524-25 (4th Cir. 2000) (noting the privity requirement "assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved"). Plaintiff is thus incorrect in asserting the parties must be identical for the doctrine of *res judicata* to bar his claim, and his objection is therefore without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process. It is further **ORDERED** that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 27, 2008**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.